# George W. Shaw, trading as George W. Shaw & Co., *v.* The City of Philadelphia, Appellant.

### [Marked to be reported.]

*Road law—Widening street—Damages—Leasehold interest.*

In an action against the city to recover damages for injuries alleged to have been caused by the demolition and re-erection of the front of a build-ing in the course of widening a street, the tenant in possession may introduce evidence showing actual injury from dirt and grime which was necessarily encountered, and which injured his stock.

In such case where the plaintiff testifies to loss of 'profits, but the verdict shows that the jury did not take such loss into consideration, and the court clearly instructs the jury that such loss could not be considered, it is not ground to reverse the judgment because the court overruled a motion to strike out the portion of plaintiff's testimony relating to profits.

It is not error in such case for the court to refuse to charge that "the plaintiff is only entitled to recover the depreciation in the market value in his leasehold, as affected by the widening of the street."

Argued April 10, 1895.   Appeal, No. 316, Jan T., 1895, by City of Philadelphia, from judgment of C. P. No. 4, Phila. Co., June T., 1893, No. 445, on verdict for plaintiff.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Appeal from report of viewers.

At the trial, it appeared that plaintiff was the tenant of No. 710 Chestnut street at a monthly rental of $375 with a tenancy from year to year.   On March 31, 1891, an ordinance was passed providing for the widening of Chestnut street in front of plaintiff's premises. · The ordinance was subsequent in date to the date of plaintiff's lease.

When the plaintiff was on the stand he was asked this question :

" Q. You say that your stock was damaged by the dirt and grime, and so forth, and the weather that came in.   To what extent ? "

Objected to.   Objection overruled.   Exception for defendant.

" A. I approximated it at $325.   I was not as careful as I might have been.   Very many little things escaped my attention. I did not expect the city to split hairs over it, and many small

things escaped my attention. I made that claim before and I stick to it." [1]

Plaintiff also testified that a portion of his claim amounting to about $700 was made up of loss of profits.

Mr. Alcorn : " I move to strike out and take from the consideration of the jury the testimony just given by the witness that the balance of the claim was made up by a loss of profits taking three months of 1892 and three months of 1891. I ask to have stricken out the $700 which he says were due to the loss of profits."

The Court : " I will charge the jury on that subject." [2, 3]

William P. Fogg, a witness for defendant, gave testimony which tended to show that the building could have been set back five feet without any injury to the stock of goods in the store.

The court charged the jury in part as follows :

" It has been said in your hearing, and I repeat it emphatically, that a plaintiff cannot recover for loss of profits, and if the way in which he has got at what he claims to have been his loss, other than that which I have referred to, was simply by computing a loss of profits, he is not entitled to recover upon that score. He is not entitled to throw a claim into the jury box and ask you to guess at it, any more than he has a right to guess at it himself. If there was an actual loss by reason of the action of the city in taking away the front and depriving him of the opportunity of advertising, and you can get at that, if you can find some standard of measurement of it, if there was an actual loss by reason of that state of affairs, then of course the plaintiff is entitled to be paid for it, but he is not entitled to be paid for it on the basis of loss of profits, because those are matters which the law says cannot be estimated, cannot be computed according to any reliable standard, and where you have to float around in the air and guess at results, the law says, no matter what the loss may be, it cannot be allowed, it cannot be estimated, because it is too uncertain. There are losses which people have to bear simply because they are incapable of computation. A man's loss of business or loss of profits might result from other circumstances ; it might be a bad year, it might be that people would go somewhere else for business. All those things are illustrations of

reasons why losses in business might occur, without their being attributable to the causes to which they are ascribed by parties to a litigation. I state this to you simply for the purpose of showing, in some degree, the legal principle which is applicable to the case."

Defendant's points were, among others, as follows:

" 1. The plaintiff is only entitled to recover the depreciation in the market value of his leasehold as affected by the widening of Chestnut street. *Answer:* I cannot affirm that point. I have said to you upon that subject all that I need say. In any event I think that the adverb ' only ' would make the point too strong. [4]

" 2. The plaintiff is not entitled, as a separate element of damage, for any injury caused to his stock and goods by dust and dirt while the owner of the property was making the alterations in the building, in order to widen the street. *Answer:* That I cannot affirm. I have said to you substantially what I will try to repeat in a sentence, that in this case the plaintiff is only entitled to recover for injury to his stock of goods by dust and dirt while the work was in progress, which was necessary as a result of what the city did. Of course, if that work was carried over a period of time unnecessarily long, if it was made to cover a year or two when it should be done in a month or so, then the city would not be responsible for that. The necessary result which was caused by the act of the city while the work was being done in reasonably prompt time the city may be responsible for, but not for anything else." [5]

" 4. Under all the evidence, the verdict should be for the defendant. *Answer:* This point is declined." [6]

Verdict and judgment for plaintiff for $562. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4–6) above instructions, quoting them; (7) in not referring in the charge, to the testimony of William P. Fogg, the witness called by the defendant.

*James Alcorn*, assistant city solicitor, *George E. Fili* and *Charles F. Warwick*, city solicitor, with him, for appellant, cited: Kersey v. R. R., 132 Pa. 234; R. R. v. Eby, 107 Pa. 166;

Pittsburg & Lake Erie R. R. v. Jones, 111 Pa. 204; Getz v. R. R., 105 Pa. 547.

*Joseph de F. Junkin*, for appellee.

OPINION BY MR. JUSTICE GREEN, July 18, 1895:

This case is quite similar to that of Justice & Co. v. The City, just decided. The lease to the plaintiff, however, of the premises in question, was made more than a year before the passage of the ordinance directing the widening of the street. It was a continuing lease from year to year if the tenant held over, which he did. The assignments of error raise some questions which did not arise in the Justice case, but we think they were correctly ruled by the learned court below. The jury was carefully and emphatically instructed that they could allow no damages to the plaintiff except for actual money loss caused by the necessary work of taking down with care, the front of the building in question. They were specially instructed that no allowance could be made for loss of profits and that element of the plaintiff's claim was entirely stricken out. As to the first assignment of error we think the evidence was properly admitted, showing actual injury from dirt and grime which was necessarily encountered in doing the work, and which, it was claimed, injured the stock more or less. The extent of that injury and whether the work could have been done without any loss arising from this source, raised a question of fact which was necessarily submitted to the jury and had to be determined by them.

We do not think the defendant was injured by the refusal of the court to strike out the testimony as to the item of $700 claimed for loss of profits. The court did most strongly and clearly instruct the jury that they could allow nothing for loss of profits, and as the entire amount of the verdict was only $562, it is evident the jury understood and obeyed the direction of the court. This disposes of the second and third assignments of error.

We do not understand how the city has cause of complaint with the answer to the first point of the defendant. The point claimed that the plaintiff could only recover for the depreciation in the market value of the leasehold. If that element of

damage was sent into the jury box the result might, and proba-
bly would, have been much more serious to the city.   But when
the court had so decidedly limited the plaintiff to a recovery
for nothing more than actual money loss incurred, the city
obtained all the supposed advantage that could, in any point of
view, have been derived from an affirmance of the point.   We
think also that an absolute affirmance of the point without qual-
ification would have been error.   The depreciation in the value
of the leasehold would not be the *only* subject for allowance of
damage.

The sixth assignment has been considered and disposed of in
the Justice case above referred to, and the seventh is without
merit, as the question whether, under the evidence, the work
might have been reasonably done without injury to the goods,
was properly submitted to the jury.

Judgment affirmed.